AO 91 (Rev. 11/11) Criminal Complaint

ORIGINAL

# UNITED STATES DISTRICT COURT
for the
Central District of California

United States of America
v.
TERESA MCGRATH, and
RANE MELKOM

Defendant(s)

Case No.



20 MJ00688

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of February 11, 2020, in the county of Los Angeles in the Central District of California, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. § 841(a)(1); 18 U.S.C. § 2(a) | Possession with Intent to Distribute a Controlled Substance; Aiding and Abetting |

This criminal complaint is based on these facts:

*Please see attached affidavit.*

☒ Continued on the attached sheet.

_____
Complainant's signature

Jonathan Ramirez, Postal Inspector
Printed name and title

Sworn to before me and signed in my presence.

Date: 2/12/20

_____
Judge's signature

City and state: Los Angeles, California

Hon. Charles F. Eick, U.S. Magistrate Judge
Printed name and title

## I. AFFIDAVIT

I, Jonathan Ramirez, being duly sworn, declare and state as follows:

## II. PURPOSE OF AFFIDAVIT

1.  This affidavit is made in support of a criminal complaint against TERESA MCGRATH ("MCGRATH") and RANE MELKOM ("MELKOM") for a violation of 21 U.S.C. § 841(a)(1); 18 U.S.C. § 2(a): Possession with Intent to Distribute a Controlled Substance; Aiding and Abetting.

2.  The facts set forth in this affidavit are based upon my personal observations; my training and experience; and information obtained from various law enforcement personnel and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested complaint and does not purport to set forth all of my knowledge of or investigation into this matter. Unless specifically indicated otherwise, all conversations and statements described in this affidavit are related in substance and part only.

## III. BACKGROUND FOR INSPECTOR JONATHAN RAMIREZ

3.  I am a Postal Inspector with the United States Postal Inspection Service ("USPIS") and have been so employed since June 2017. Prior to becoming a Postal Inspector, I served as a law enforcement officer with both the Orange County Sheriff's Department and the Pasadena Police Department for a total of approximately five years. As part of my training as a Postal Inspector, I completed a 12-week training course in Potomac, Maryland, which included training in the investigation of drug

trafficking using the mail. I am currently assigned to the USPIS Los Angeles Division, Prohibited Mail Narcotics Team. I was previously assigned to a Parcel Task Force, which was comprised of Postal Inspectors and Los Angeles Police Department ("LAPD") officers and detectives. The Parcel Task Force was responsible for investigating the trafficking of drugs through the United States Mail. I have also completed a 40-hour LAPD narcotics school training course. Since June 2017, I have participated in multiple investigations into violations of the Controlled Substances Act involving the United States Postal Service ("USPS") and discussed my investigations with other experienced law enforcement officers. For these reasons, I am familiar with how drug traffickers use the mail to facilitate their trafficking.

## IV. STATEMENT OF PROBABLE CAUSE

### A. Background of Investigation

4. Since April 2019, the USPIS, along with the Federal Bureau of Investigation ("FBI"), Homeland Security Investigations ("HSI"), and other law enforcement agencies, has been investigating a dark web vendor (or vendors) of drugs. Law enforcement officers identified MELKOM and MCGRATH, as well as MARK CHAVEZ ("CHAVEZ"), MATTHEW ICK ("ICK"), and THOMAS OLAYVAR ("OLAYVAR"), as members of a drug trafficking organization that uses the USPS to ship and receive drugs in connection with orders placed on the dark web. In connection with this investigation, on February 11, 2020, the Honorable Jacqueline Chooljian, United States Magistrate Judge, authorized search

2

warrants for the persons of CHAVEZ, ICK, OLAYVAR, MELKOM, and MCGRATH, as well as two residences. I am also making a separate affidavit in support of a criminal complaint against CHAVEZ, ICK, and OLAYVAR.

  **B.**  **MCGRATH Mailed a Package Containing Methamphetamine**

  5.  On or about July 8, 2019, USPS employees at the Sunland Post Office, located at 8587 Fenwick St., Sunland-Tujunga, California, 91040, contacted me about a female, later identified as MCGRATH, who dropped off numerous parcels during two separate occasions within minutes of one another. The employee notified me that while MCGRATH was paying for postage, another employee notified their supervisor, who then went to the parking lot where they observed a White Scion with California license plate 8DAP517.

  6.  I responded to the Sunland Post Office and employees showed me approximately 60 parcels that MCGRATH had dropped off for mailing. The parcels listed multiple different return addresses for individuals and businesses located in Los Angeles, Pasadena, Torrance, Sunland-Tujunga, Visalia, Tarzana, and Sunland. Each parcel contained a priority mail postage stamp and USPS label 400 tracking number with individually printed sender and recipient labels.

  7.  I reviewed USPS video footage for July 8, 2019, and saw MCGRATH enter the post office with multiple plastic bags full of parcels that she emptied on the counter for mailing. After concluding the interaction, MCGRATH left the post office and returned a few minutes later with another plastic bag full

of parcels. MCGRATH emptied the bag of parcels on the counter for mailing and exited the post office upon the completion of the interaction.

8. I removed the one of the parcels (the "Subject Parcel") from the mail for further inspection.

9. On or about July 9, 2019, I saw Los Angeles Police Department Officer Hillary Del Rio and her trained drug-detection dog, Cooper, examine the exterior of the Subject Parcel. Officer Del Rio told me that Cooper positively alerted to the Subject Parcel, indicating the presence of drugs or other items such as the proceeds from the sale of drugs, which have been recently contaminated by or associated with the odor of drugs.

10. On July 11, 2019, the Honorable Charles F. Eick, United States Magistrate Judge, Central District of California, authorized a search warrant for the Subject Parcel in Case Number 2:19-MJ-02802.

11. On July 11, 2019, I searched the Subject Parcel pursuant to the search warrant and recovered a 1,000-piece puzzle box that contained a black Mylar bag concealing approximately 235 gross grams of a crystalline-like substance that yielded a presumptive positive for methamphetamine via a ThermoScientific TruNarc field test.

C. **Identification of MCGRATH**

12. I reviewed California Department of Motor Vehicle Records ("DMV") for the white Scion and learned that MCGRATH is listed as the registered owner with a registered address of 1721

Micheltorena Street, Los Angeles, California 90026.  I also reviewed MCGRATH's DMV photo and observed that it matched the person seen mailing packages in the video recordings.

    **D.    Laboratory Analysis Confirmed the Substance was Methamphetamine**

13. On February 10, 2020, I learned that the U.S. Department of Justice Drug Enforcement Administration Southwest Laboratory completed chemical analysis and purity testing on the crystalline-like substance found in the Subject Parcel. Laboratory analysis confirmed the substance to be d-Methamphetamine Hydrochloride with a net weight of approximately 225.8 grams and substance purity of approximately 97%.

    **E.    Search of MCGRATH and MELKOM's Residence**

14. On February 10, 2020, the Honorable Jacqueline Chooljian, United States Magistrate Judge, authorized a warrant to search 10926 Scoville Ave, Sunland-Tujunga, California 91040, (the "Scoville residence") in Case Number 2:20-MJ-00591.

15. Based on my review of photographs and conversations with other law enforcement officers, I know that the Scoville residence includes a single-family home as well as a separate back house contained within a gated property.  Based on this investigation, I believe MCGRATH and MELKOM reside in the back house at the Scoville residence.  There are two exterior doors providing entry into the back house.  One of the doors enters into a one-bedroom, one bathroom residence with a kitchen and living area.  The other door enters into a storage room.  There

is no interior connection between the residence-portion and storage room.

16. On February 11, 2020, law enforcement officers searched the Scoville residence pursuant to the search warrant. MCGRATH and MELKOM were present in the back house at the Scoville residence at the time of the search.

17. During the search of the residence-portion of the back house, law enforcement officers found clothing, personal belongings, photographs, and other miscellaneous items confirming that MELKOM and MCGRATH resided together in the back house. In addition, they found approximately $22,000 in cash in a closet in the bedroom, a notepad that appeared to contain hand-written ledgers related to drug sales on a nightstand in the bedroom, and a set of keys that was later determined to access the lock to the storage-portion of the back house, and several locked containers inside, on the counter in the kitchen. Under the bed, they found a loaded handgun.

18. During a search of the storage area, law enforcement officers found several locked and unlocked containers containing the following:

    a. Approximately 22,993 gross grams (50.7 pounds) of a crystalline-like substance that yielded a presumptive positive field test for the presence of methamphetamine;

    b. Approximately 350 gross grams of a brown tar-like substance that yielded a presumptive positive field test for the presence of MDMA;

   c. Approximately 30,000 pills believed to be Adderall;

   d. Approximately 3,615 gross grams of orange, square-shaped pills that yielded a presumptive positive field test for the presence of MDMA;

   e. Approximately 740 gross grams of orange, triangle-shaped pills that yielded a presumptive positive field test for the presence of MDMA;

   f. 60 packaged and sealed USPS priority mail envelopes addressed to various addresses that are believed to contain drugs;

   g. Two loaded handguns; and

   h. Numerous empty USPS priority mail envelopes and other packaging materials.

  19. On February 11, 2020, law enforcements officers arrested MCGRATH and MELKOM for a violation of 21 U.S.C. § 841(a)(1) related to the drugs found during the search of the Scoville residence. MCGRATH and MELKOM are presently in custody.

  **F. Prior Surveillance of MELKOM at the Scoville Residence**

  20. On January 13, 2020, investigators conducted surveillance in the vicinity of the Scoville residence. During the surveillance, the investigators saw a black sedan parked in the driveway with the trunk and driver's side door open. They saw two individuals matching the physical descriptions of MELKOM and a suspected co-conspirator in this investigation standing behind the trunk. MELKOM was holding a USPS parcel bin and his

co-conspirator was holding USPS flat rate envelopes that appeared to contain contents. Based on my training and experience, I am aware that drug traffickers often use USPS flat rate envelopes to package and ship drugs. Based on my investigation in this case, I believe that the co-conspirator was either delivering drugs to MELKOM or picking them up to be shipped.

### G. MELKOM's Federal Supervised Release

21. MELKOM is currently on supervised release for a conviction of 18 U.S.C. § 371: Conspiracy to Commit Mail Theft. United States v. Rane Melkom, No. CR 16-483-FMO-1 (C.D. Cal.). Based on information provided by the United States Probation Officer assigned to his case, the Scoville residence is not his address of residence.

22. Based on my investigation in this case and the observations of law enforcement officers present during the search of the Scoville residence on February 11, 2020, I believe that MELKOM resides in the back house of the Scoville residence with MCGRATH and intentionally failed to disclose this information to the United States Probation Officer assigned to his case to conceal his criminal activities.

///

///

## V. CONCLUSION

23. For all of the reasons described above, there is probable cause to believe that MCGRATH and MELKOM have committed a violation of 21 U.S.C. § 841(a)(1); 18 U.S.C. § 2(a): Possession with Intent to Distribute a Controlled Substance; Aiding and Abetting.

JONATHAN RAMIREZ,
USPIS Postal Inspector

Subscribed to and sworn before me this 12th day of February, 2019.

HONORABLE CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE